IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Larry Golden, | ) | C/A No. 6:21-cv-00244-JD-KFM |
| | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Google, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, proceeding *pro se*, brings this action asserting patent infringement by the defendant. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on January 26, 2021 (doc. 1). By order dated February 16, 2021, the plaintiff was given a specific time frame in which to bring his case into proper form for judicial screening (doc. 8). The plaintiff complied with the court's order, bringing his case into proper form. Nevertheless, upon review, the plaintiff's complaint is subject to summary dismissal.

## **FACTS PRESENTED**

In the instant action, the plaintiff has sued Google, LLC ("Google") which he asserts has infringed on the following patents: 10,163,287 ('287 patent); 9,589,439 ('439 patent); 9,096,189 ('189 patent) (docs. 1; 1-1; 1-2; 1-3). These patents are entitled "multi sensor detection, stall to stop and lock disabling system" (docs. 1; 1-1; 1-2; 1-3). The plaintiff contends that the defendant has infringed on his patents based upon "product grouping" strategy (doc. 1 at 9). He further contends that the defendant is infringing on his patents in concert with Apple and Qualcomm, both of which he has sued in separate

actions (*id*. at 13–18). The plaintiff's complaint alleges infringement of each patent by the defendant in vague formulaic terms and includes various excerpts from a claim chart (doc. 1 at 19–29). For relief, the plaintiff seeks a declaratory judgment that the defendant has infringed on his patents, a permanent injunction enjoining the infringing activity by the defendant, and money damages (doc. 1 at 29–30).

## STANDARD OF REVIEW

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. This court possesses the inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915.[1] *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362,

---

[1] The plaintiff paid the full filing fee; thus, this case is not subject to the pre-screening provisions of 28 U.S.C. § 1915. Additionally, the plaintiff is not a prisoner; thus, the case is not subject to the screening provided for in 28 U.S.C. § 1915A.

364 (2d Cir. 2000) (finding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"). Accordingly, "[t]he present Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous." *Trawick v. Med. Univ. of S.C.*, C/A No. 2:16-cv-730-DCN-MGB, 2016 WL 8650132, at *4 (D.S.C. June 28, 2016), *Report and Recommendation adopted by* 2016 WL 8650131 (D.S.C. July 7, 2016), *aff'd* 671 F. App'x 85 (4th Cir. 2016) (mem).

## DISCUSSION

Here, the plaintiff returns to this court seeking damages for infringement of three patents he holds, this time naming Google as the infringing defendant (*see generally* doc. 1). This is the plaintiff's sixth action regarding the patents (and infringing actions) at issue herein.[2] *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-04353-JD (D.S.C.) (Report and Recommendation pending recommending summary dismissal as frivolous and that the plaintiff be sanctioned) ("Case Number 5"); *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-02270-JD (D.S.C.) (Report and Recommendation pending recommending summary dismissal as frivolous) ("Case Number 4"); *Golden v. Apple Inc., et al.*, C/A No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020), *aff'd* 819 F. App'x 930 (Fed. Cir. 2020), *petition for cert. denied*, 141 S.Ct. 1067 (2021) ("Case Number 3"); *Golden v. United States*, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), *dismissal aff'd* 955 F.3d 981 (Fed. Cir. 2020) ("Case Number 2"); *Golden v. United States*, C/A No 1:13-cv-00307-EGB (Fed. Cl.) (pending) ("Case Number 1").

Two of the plaintiff's actions, Case Number 1 and Case Number 2, were brought in the Court of Federal Claims. *See Golden*, C/A No. 1:19-cv-00104-EGB; *Golden*,

---

[2] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

C/A No 1:13-cv-00307-EGB. The plaintiff filed Case Number 1 on May 1, 2013. *Golden*, C/A No. 1:13-cv-00307-EGB at doc. 1. In Case Number 1, the plaintiff alleged patent infringement and takings clause violations by the United States Government pursuant to 28 U.S.C. § 1498(a). *Id*. Case Number 1 has a lengthy docket, and during the eight year course of litigation, the plaintiff has filed six amended pleadings and the defendant has filed several substantive motions. *See Golden*, C/A No. 1:13-cv-00307-EBG. Of note, the operative pleading in that action is the sixth amended complaint, which that court authorized following a partial grant of a motion to dismiss the plaintiff's fifth amended complaint. *Golden v. United States*, 137 Fed. Cl. 155 (Fed. Cl. Mar. 29, 2018). In that order, the Honorable Susan G. Braden referenced correspondence by the plaintiff, which noted that the plaintiff would file a separate action in order to:

> force Apple, Samsung, and LG to decide between one or two choices: (1) In an effort to avoid any responsibility for infringement or liability of paying hundreds of billions of dollars in damages, the companies cho[o]se to throw the Government under the bus by presenting evidence that they were under contract to develop and manufacture devices that infringes my communication/monitoring device. If they cho[o]se this option it makes them a witness for me in my current case (*Larry Golden v. The United States*; Case # 13–307 C). (2) Deny the allegations of infringement. In this case I will present evidence to support the fact that the companies were under contract with the Government to develop and manufacture devices that infringe[ ] my communication / monitoring device, but that the companies decided to continue to develop and manufacture my communication / monitoring device beyond the specifications agreed upon with the Government, even after I notified the companies in 2010 to stop their manufacturing. If they chos[o]e this option it opens the companies up to willful infringement and the possibility of a temporary injunction to stop the manufacturing and development of my communication / monitoring device. If you were Apple, Samsung, and LG which option would you cho[o]se?

*Golden v. United States*, 137 Fed. Cl. at 168 (alterations in original). After his appeal of the partial dismissal order was denied, the plaintiff filed a motion to stay Case Number 1 because he was seeking additional *inter partes* review of some of the claims of his '990 Patent. *Golden*, C/A No. 1:13-cv-00307-SGB, at doc. 182. The plaintiff's motion was

4

granted on July 18, 2019, and Case Number 1 was stayed. *Id*. at doc. 186. The stay was lifted on October 26, 2020, after the plaintiff's *inter partes* review petition was denied. *Id*. at doc. 193. On February 26, 2021, a motion to dismiss by the defendants (in response to the plaintiff's sixth amended complaint) was granted in part and denied in part. *Id*. at doc. 215. The order dismissed patent infringement claims relating to two pending patent applications, but denied the motion in all other respects. *Id*. Based upon the allegations contained in the plaintiff's sixth amended complaint, the court on March 29, 2021, granted the defendants' motion to issue notice to Apple, LG, and Samsung since those entities may have an interest to assert in Case Number 1. *Id*. at docs. 222; 224. Based upon the issued notice, the court issued a scheduling order for claims construction, with the plaintiff's preliminary disclosure of infringement contentions due on or before May 7, 2021. *Id*. at doc. 221.

The plaintiff filed Case Number 2 in the United States Court of Federal Claims on January 17, 2019 during the pendency of Case Number 1. *Golden v. United States*, C/A No. 1:19-cv-00104-EGB, at doc. 1 (Fed. Cl.). Case Number 2 asserted Fifth Amendment takings clause claims against the government for the same patents and infringing actions as in Case Number 1. *Id*. The government moved to dismiss Case Number 2, arguing that the complaint in Case Number 2 was duplicative of the takings clause claims asserted in Case Number 1. *Id*. at doc. 6. On May 14, 2019, the government's motion was granted and Case Number 2 dismissed. *Id*. at doc. 12. The dismissal was affirmed by the United States Court of Appeals for the Federal Circuit. *Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020).

On July 2, 2019, through counsel, the plaintiff filed a petition with the United States Patent and Trademark Office ("USPTO") seeking to "Strike *Ultra Vires* Inter Partes Review Certificate from the Prosecution File of RE43,990 Based on *Return Mail v. U.S. Postal Service*." *In re Patent Number* RE 43,990, https://portal.uspto.gov/pair/PublicPair#

5

(choose patent number, enter RE43990, and then click Image File Wrapper) (last visited April 8, 2021). On June 25, 2020, the USPTO issued a decision denying the plaintiff's petition. *Id*.

During this same time, on September 11, 2019, the plaintiff filed Case Number 3 in this court, seeking damages from various third-party companies for patent infringement. *See Golden v. Apple, Inc., et al.*, C/A No. 6:19-cv-02557-DCC (D.S.C.). In that action, the plaintiff sought damages based upon the same patents and infringing actions as in Case Number 1 and Case Number 2, but sought the damages against the third-party companies instead of the government. *Id*. at doc. 1. Case Number 3 was dismissed as being duplicative of Case Number 1. *Id*. at doc. 32. The dismissal was affirmed as modified by the United States Court of Appeals for the Federal Circuit as frivolous. *Golden*, 819 F. App'x 930 (Fed. Cir. 2020), *petition for cert. denied*, 141 S.Ct. 1067 (2021). In the order, the Court of Appeals noted:

> Golden's amended complaint here, like his initial complaint, even if not duplicative of the earlier filed action against the government, "contains only conclusory formulaic recitations of the elements of patent infringement as to each defendant." Magistrate Judge Initial Order at 5, *Golden v. Apple Inc.*, No. 6:19-cv-02557 (D.S.C. Oct. 1, 2019), ECF No. 12. Count I of Golden's Amended Complaint, for example, merely states that "at least one of the defendants named in this complaint has infringed at least independent claim 4 & 5 of the '287 patent," Complaint at ¶ 156, *Golden v. Apple Inc.*, No. 6:19-cv-02557 (D.S.C. Oct. 15, 2019), ECF No. 16-1, followed by generalized statements of infringement by each defendant, *id.* at ¶¶ 157–204, and similar broad infringement allegations for each of Golden's other patents, *id*. at ¶¶ 205–384. The complaint itself offers only vague generalities and block quotes of statutes, cases and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant.
>
> The complaint also references "claim charts" for each defendant and each patent. *E.g., id.*, ECF No. 16-14. These claim charts present a dizzying array of disorganized assertions over several hundred pages, disingenuously using the words of the claims to generally describe cryptically identified structures. Although Golden appeals pro se and is therefore entitled to a certain leeway in interpreting his complaint, we agree with the magistrate judge's conclusion that "the plaintiff's vague and

6

> conclusory allegations fail to state a claim for relief." Magistrate
> Judge Initial Order at 5.

*Id*. at 931.

The plaintiff then filed Case Number 4 in this court, seeking damages against many of the same defendants as named in Case Number 3. *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-02270-JD (D.S.C.). Having unsuccessfully sought patent infringement damages against these defendants in Case Number 3, the plaintiff's Case Number 4 sought relief for patent infringement and failure to pay royalties, and the plaintiff attempted to circumvent the court's prior ruling by asserting that the defendants' actions violated the Sherman Act, the Clayton Act, and various South Carolina Laws. *Id*. at doc. 1. On September 11, 2020, the undersigned issued a Report and Recommendation which recommended that Case Number 4 be dismissed as frivolous. *Id*. at doc. 16. The Report and Recommendation remains pending at this time.

The plaintiff then filed Case Number 5 in this court, again seeking damages against many of the same defendants as in Case Number 3 and Case Number 4. *See Golden v. Apple, Inc.*, *et al.*, C/A No. 6:20-cv-04353-JD (D.S.C.). In that case, the plaintiff was informed that his complaint as submitted (totaling more than 300 pages excluding exhibits) did not comply with Rule 8 of the Federal Rules of Civil Procedure and the plaintiff was instructed to submit a complaint in compliance with the order, totaling no more than 35 pages. *Id*. at doc. 1. On February 5, 2021, the undersigned issued a Report and Recommendation which recommended that Case Number 5 be dismissed as frivolous and that the plaintiff be sanctioned for his continued filing of frivolous litigation. *Id*. at doc. 20. The Report and Recommendation remains pending at this time.

**Frivolousness**

Here, the plaintiff's complaint is subject to dismissal as frivolous. In reviewing a complaint for frivolousness or malice, the Court looks to see whether the Complaint raises

7

an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)); *see also Feurtado v. McNair*, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008).

Here, although the plaintiff has made allegations against a new alleged infringer, Google, his allegations are still frivolous and thus subject to summary dismissal. As an initial matter, to the extent the plaintiff alleges joint infringement by Google and Apple and/or Qualcomm, such allegations may not be used in this action to circumvent prior rulings by this court that infringement allegations against Apple/Qualcomm are frivolous. *See Golden v. Apple, Inc.*, *et al.*, C/A No. 6:20-cv-04353-JD, at doc. 20; *Golden v. Apple, Inc., et al.*, C/A No. 6:19-cv-02557-DCC, at doc. 16; *Golden*, 819 F. App'x 930. Additionally, in the instant matter, the plaintiff's complaint contains a lengthy history of his prior actions in this court, various cell phone statistics, a description of the development of the android operating system, and specifications for various Google phones, but contains few factual allegations relating to the alleged infringement (*see generally* doc. 1). Indeed, the majority of the plaintiff's allegations are vague and conclusory, referencing just the alleged infringing devices and the alleged infringed-upon patents (*see generally* doc. 1). *See Golden v. Apple, Inc., et al*., 819 F. App'x at 931 (affirming in Case Number 3 the dismissal of patent infringement claims because the complaint contained only "vague generalities and block quotes of statutes, cases, and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant"). The plaintiff does include a claim chart in his complaint; however, upon review, the chart contains the exact same language as the claim charts previously rejected

by the Federal Circuit, although Google Pixel 5 Smartphone appears in the far left column instead of Apple. For example, the chart copies previously submitted charts alleging patent infringement (albeit by Google in lieu of other defendants) of independent claim 5 of the '287 patent; independent claim 23 of the '439 patent; and independent claim 1 of the '189 patent (doc. 1 at 23–29). *See Golden*, C/A No. 6:19-cv-02557, at doc. 16-14. These charts and allegations of infringement were specifically rejected by the Federal Circuit Court of Appeals, because they contained "a dizzying array of disorganized assertions" "disingenuously using the words of the claims to generally describe cryptically identified structures." *Golden*, 819 F. App'x at 931 (citing *Golden*, C/A No. 6:19-cv-02557, at doc. 16-14). As such, the plaintiff's complaint in this matter is subject to summary dismissal as frivolous.

The plaintiff cannot cure the frivolousness of this action by arguing that he was not allowed to submit a complaint long enough to include the necessary factual allegations. In Case Number 3, the plaintiff's complaint numbered more than 150 pages (not counting exhibits) and his amended complaint numbered more than 250 pages (not counting exhibits), but the matter was still dismissed as frivolous. *See Golden*, *Apple, Inc., et al.*, C/A No. 6:19-cv-02557-DCC, at docs. 1; 16. Likewise, Case Number 4, arising from a complaint that numbers more than 80 pages, has a Report and Recommendation pending that recommends it be dismissed as frivolous. *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-02270-JD, at doc. 1. As recognized by courts in this district, the filing of excessive and unnecessary documents impedes judicial efficiency and the administration of justice. *See Spencer v. Hedges*, 838 F.2d 1210, 1988 WL 9621, at *1 (4th Cir. 1988) (unpublished table decision) (affirming dismissal of a complaint where a plaintiff failed to provide a short and plain statement of a claim under Rule 8); *Hearn v. United States*, C/A No. 3:11-cv-00330, 2011 WL 9378210, at *1 (E.D. Va. June 13, 2011) (memorandum order) (recognizing a prior case where a plaintiff had unduly burdened the court with the filing of

excessive and unnecessary frivolous documents); *see also Noonsab v. U.S. Dist. Ct. for the E. Dist. of N.C.*, C/A No. 5:16-CT-3112-FL, 2016 WL 9077878, at *2 (E.D.N.C. June 27, 2016) (warning a *pro se* plaintiff that unnecessary and excessive filings impede judicial efficiency and the administration of justice); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 379 (7th Cir. 2003) (affirming dismissal of complaint consisting of 155 pages and 99 attachments). As such, the page limit imposed in this case did not affect the plaintiff's ability to state a non-frivolous patent infringement claim. As such, this case is subject to summary dismissal for frivolousness.

## **RECOMMENDATION**

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending his complaint. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605 (4th Cir. 2020) (citing *Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619 (4th Cir. 2015)*; In re GNC Corp.*, 789 F.3d 505 (4th Cir. 2015); *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342 (4th Cir. 2005); *Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food and Commercial Workers Int'l Union*, 10 F.3d 1064 (4th Cir. 1993)). As noted in more detail above, the present action by the plaintiff utilizes allegations already rejected by this court and the Federal Circuit Court of Appeals, except for the fact that the plaintiff has named a new defendant in this action; thus, this action is frivolous. Accordingly, the undersigned recommends that the court decline to automatically give the plaintiff leave to amend his complaint. Additionally, based upon the foregoing, the Court recommends that the District Court dismiss this action *with* prejudice and without issuance and service of process.

Additionally, because this action represents the plaintiff's fourth frivolous action in this court based upon alleged patent infringement (and sixth case overall), the undersigned further recommends that the assigned United States District Judge sanction the petitioner $400.00, payable to the Clerk of Court at 300 East Washington Street, Greenville, SC 29601. It is further recommended that in the event the plaintiff attempts to

file another action in this Court before payment of the sanction, the Clerk of Court be authorized to assign civil action numbers (for docket control purposes) so that the undersigned may (1) instruct the plaintiff to pay the sanctions (and if the sanctions are not paid, dismiss the action without prejudice and without issuance and service of process) or (2) certify that the action is not frivolous.  **The attention of the parties is directed to the important notice on the next page.**

        **IT IS SO RECOMMENDED**.

                                            s/Kevin F. McDonald
                                            United States Magistrate Judge

April 9, 2021
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).