UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF SOUTH CAROLINA – GREENVILLE

RECEIVED
USDC CLERK, GREENVILLE, SC
2021 APR 22 PM 2: 18

| | |
|---|---|
| LARRY GOLDEN,<br><br>Plaintiff,<br><br>V.<br><br>GOOGLE LLC<br><br>Defendants. | CASE NO: 6:21-cv-00244-JD<br><br>**JURY TRIAL DEMANDED**<br><br>April 22, 2021 |

## PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE McDONALD'S REPORT AND RECOMMENDATIONS

Perhaps the Magistrate Judge (MJ) is unfamiliar with patent law and how it relates to "frivolousness", which as I write, seems terribly obvious to me. Of course, the Magistrate Judge knows nothing about patent law and how it relates to "frivolousness"; and, the "report and recommendations" proves that, and many other things as well. Patents are only invalidated for constitutional reasons. The Supreme Court has time and time again reviewed US patent laws, which have been around since 1790, never once finding patent law as unconstitutional.

In the "report and recommendation", the MJ is seeking to overturn constitutional law for his own gratification, and to redirect this case into areas of determining the Patent Owner's mental state, to include, the Patent Owner's physical and mental ability, as an African-American, to invent.

The MJ's "report and recommendations" is illustrative of grandstanding, pure and simple. It is disgusting that the MJ is taking an all-out stance to invalidate patents written to mitigate terrorist attacks, as well as, provide safety devices, products, apparatuses, systems, and methods designed for the benefit of the American people. If change is what the MJ wants, then he should go to Congress. The MJ is asking this Court to legislate, and that is not the role of the Court.

This is a patent infringement case. Not a case to determine if the Patent Owner suffers from a mental disorder, so severe that causes me to create scenarios: that are "fantastic or delusional"; that "raises an indisputably meritless legal theory"; that "is founded upon baseless factual contentions"; and, that "encompasses inarguable legal conclusions and fanciful allegations". The MJ is seeking to make this case about a mental disorder [delusions or fantastic delusions], that often occur as part of psychotic disorders, including schizophrenia, schizo-affective disorder, and bipolar disorder. The MJ writes in his report and recommendations:

> "Here, the plaintiff's complaint is subject to dismissal as frivolous. In reviewing a complaint for frivolousness or malice, the Court looks to see whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)); see also *Feurtado v. McNair*, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), aff'd, 227 F. App'x 303 (4th Cir. 2007), petition for cert. dismissed, 553 U.S. 1029 (2008).

To prove direct infringement, the Patent Owner must prove that the defendant made, used, sold, offered for sale or imported the claimed invention. Direct infringement may occur literally, meaning that at least one claim of at least one of the Patent Owner's patents, when compared to the accused device or process, is an exact match. The patent holder bears the burden of proof by a preponderance of the evidence that each of the claim's limitations are found either literally or equivalently in the accused product. Each element of a claim is material and essential. In order for a court to find infringement, the plaintiff must show the presence of every element or its substantial equivalent in the accused device. If the accused product lacks one or more of the claim's limitations, either literally or equivalently, the product cannot infringe.

2

**Some examples of patent law are**:

- ➢ In United States patent law, utility is a patentability requirement, U.S. CONST., art. I, §8, cl. 8 (Congress shall have the power "to promote the Progress of Science and useful Arts..." (emphasis not in original)); 35 U.S.C. § 101 (2008) ("Whoever invents or discovers any new and useful process, machine, manufacture or composition of matter...may obtain a patent...." (emphasis not in original).

- ➢ As provided by 35 U.S.C. § 101, an invention is "useful" if it provides some identifiable benefit and is capable of use, *Bedford v. Hunt*, 3 F. Cas. 37 (C.C. Mass. 1817) ("The law...does not look to the degree of utility; it simply requires that it shall be capable of use....")

- ➢ The majority of inventions are usually not challenged as lacking utility, Mueller, Janice M. (2009). Patent Law (3rd ed.). New York: Aspen. p. 235. *ISBN 9780735578319*; but the doctrine prevents the patenting of fantastic or hypothetical devices such as perpetual motion machines, Merges, Robert P.; Duffy, John F. (2008). Patent Law and Policy: Cases and Materials (4th ed.). New York: LexisNexis. ISBN 9781422417645.

- ➢ The patent examiners guidelines require that a patent application expresses a specific, credible, and substantial utility, See Brenner v. Manson, 383 U.S. 519 (1966); USPTO, Utility Examination Guidelines, 66 Fed. Reg. 1092, 1098 (Jan. 5, 2001) available at http://www.uspto.gov/web/offices/com/sol/notices/utilexmguide.pdf

- ➢ Rejection by an examiner usually requires documentary evidence establishing prima facie showing that there is no specific, substantial, and credible utility.

- ➢ Patent Infringement Is a Frivolous Claim (If You Don't Own the Patent): "The holding in Jim Arnold 'fit squarely within' the exceptions the Supreme Court described in *Airbaugh*. Quoting Jim Arnold: 'To invoke the jurisdiction of a federal court under § 1338, it is necessary that plaintiff allege facts that demonstrate that he, and not the defendant, owns the patent rights on which the infringement suit is premised. Furthermore, this allegation of ownership must have a plausible foundation. Federal jurisdiction cannot lie based on allegations that are frivolous or insubstantial.'" Chestek, P. (2017, Sept.20). *Patent Infringement Is a Frivolous Claim (If You Don't Own the Patent)*. Retrieved from: https://propertyintangible.com/ 2017/09/patent-infringement-is-a-frivolous-claim-if-you-dont-own-the-patent/

- ➢ 35 U.S. Code § 282 - Presumption of validity; (a) In General. — "A patent shall be presumed valid. Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity."

- ➢ 35 U.S. Code § 271 - Infringement of patent:

(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
(b) Whoever actively induces infringement of a patent shall be liable as an infringer.
(c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as a contributory infringer.

➤ The Seventh Amendment's guarantee of trial by jury provides for the purest form of democracy and has applied to patent infringement cases for over two centuries. The Supreme Court recognized decades ago in *Beacon Theatres, Inc. v. Westover* that any limitation on the right to trial by jury must be at least done with eyes wide open: "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)).

➤ One of the remedies available to a patent owner ("plaintiff") in the United States against an alleged infringer ("defendant") of the patent is an injunction to prevent future infringement by the defendant. The availability of an injunction is a powerful right of the plaintiff that can be granted by the federal district court judge who is hearing the case. A preliminary injunction, which, as its name implies, is granted very early in a court action for patent infringement and restrains the defendant from infringing the patent during the pendency of litigation. In the event the plaintiff wins at trial, the preliminary injunction most likely will be converted into a permanent injunction.

➤ US High Court Restores Treble Damages for Patent Infringement: "The Supreme Court's decision returns US patent law to a standard created by Congress 180 years ago. The Patent Act of 1836 gave district courts the power to impose treble damages against those who infringed willfully, and those courts were given the discretion to decide when an infringement was so wanton or deliberate as to merit treble damages." https://www.ip-watch.org/2016/07/26/us-high-court-restores-treble-damages-for-patent-infringement/

➤ The U.S. Patent and Trademark Office grants a patent. Contrary to popular belief, a patent does not give its holder the right to practice the invention, but the right to preclude others from practicing it. A patent holder can enforce this right by filing suit in a federal district court or, where the infringement includes importing a product into the United States that affects a domestic industry, the patent holder can ask that the International Trade Commission institute a proceeding to enforce the patent. A request to the ITC is often accompanied by a district court action because the ITC cannot award damages; its

4

remedy is an exclusion order. https://assets.fenwick.com/legacy/FenwickDocuments/Legal_FAQ_Patent_Litigation.pdf

> - 28 U.S. Code § 1498 - Patent and copyright cases
>   (a) Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture… [f]or the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

According to the "United States District Court District of South Carolina" if the pro se plaintiff fail to procedurally state a claim, it is the responsibility of "the Judges of this court [to] outline proper procedure so that the pro se party will not be deprived of a fair opportunity to present his or her case" See *Roseboro v. Garrison*, 528 F.2d 309, 310 (4 Cir. 1975)". As stated above, it is NOT within the Magistrate Judge authority to invalidate the patents of the pro se plaintiff's alleged infringement claim at the pleading stage as "frivolous".

When the MJ recommends this case of alleged infringement be dismissed at the pleading stage, before a jury can determine if there's liability for infringement and/or if the patents are invalid, the MJ has overstepped his authority and assumed responsibilities granted a jury.

> "[J]uries regularly decided the following issues related to validity: (1) whether the invention was new; (2) whether the patentee was the actual inventor of the purported invention; (3) whether the invention was useful; (4) whether the specification accurately described the claimed invention; and (5) whether the specification enabled a person working in the relevant art to construct the item described in it." On Writ of Certiorari to the United States Court of Appeals for the Federal Circuit BRIEF FOR H. TOMÁS GÓMEZ-AROSTEGUI AND SEAN BOTTOMLEY AS AMICI CURIAE IN SUPPORT OF NEITHER PARTY.

The MJ is doing everything in his power to have all of Plaintiff's case(s) dismissed and kicked out of Court. Instead of "outlin[g] proper procedure so that the pro se party will not be deprived of a fair opportunity to present his or her case" See *Roseboro v. Garrison*, 528 F.2d 309, 310 (4 Cir. 1975) the MJ has gone so far as to recommend sanctions be placed on Plaintiff

for exercising his right to bring an action against the company (Google), Plaintiff believe has infringed valid claims of Plaintiff's patents.

## **HISTORY OF PLAINTIFF'S RELATED CASES**

Magistrate Judge McDonald initially recommended dismissal of Plaintiff's 300-page complaint, claim charts; DVDs, and response letters because "plaintiff has failed to include factual allegations beyond the identities of the defendants, reference to the CMDC device, and the alleged infringed-upon patents":

> *Larry Golden v. Apple, Inc.*, et al; "as noted by this court previously, the plaintiff's patent infringement claims [in *Golden v. Apple, Inc.*, et al. Case No. 6:19-cv-02557-DCC] are subject to dismissal because the plaintiff has failed to include factual allegations beyond the identities of the defendants, reference to the CMDC device, and the alleged infringed-upon patents (see generally doc. 1)." See Case No. 6:20-cv-02270-BHH-KFM; Filed 09/11/20; Entry Number 16; "REPORT OF MAGISTRATE JUDGE"; Page 8 of 12.

Pursuant to the "dismissal without prejudice" opinions of Magistrate Judge McDonald, "the undersigned recommends that the district court dismiss this action without prejudice and without issuance and service of process" *Golden v. Apple Inc. et al*, No. 6:19-cv-02557; District Judge Coggins, Jr., "this action is dismissed without prejudice and without issuance and service of process" *Golden v. Apple Inc. et al*, No. 6:19-cv-02557; Chief Judge Prost and Circuit Judges Linn and Taranto, "we affirm the district court's dismissal without prejudice and without service of process…" *Golden v. Apple Inc. et al*, No. 20-1508, Plaintiff, by right, filed on 01/04/2021 an amended complaint in Case No. 6:19-cv-02557-DCC, with the understanding "a judge can dismiss a claim with or without prejudice and that dismissal without prejudice is one where the plaintiff is allowed to amend the complaint or refile it". Plaintiff's new amended complaint include factual allegations beyond the identities of the defendants, reference to the CMDC device, and the alleged infringed-upon patents.

The Supreme Court has interpreted this Federal Rule of Civil Procedure 8(a) to require factual allegations sufficient to demonstrate that a claim is plausible on its face. Plaintiff's complaint includes sixteen (16) defendants; 6 counts; 6 asserted patents; 24 independent claims; 41 dependent claims; and 91 alleged infringing devices, products, or systems. The Plaintiff's complaint also includes claim charts that illustrates how each of the accused products meet each and every element of at least one claim of the asserted patent(s).

Claim charts have been required with IP court submissions since 1983 following the famous case: *Summagraphics Corporation v. U.S.* to help construct clear claim arguments. Plaintiff's claim charts are basically a visualization of all of the information analyzed in a patent claim.

The purpose of Plaintiff's claim charts is to determine if any infringement has occurred. For infringement analysis & litigation, Plaintiff's claim charts are designed to help confirm that each and every limitation of the claim is present in a product, service, or standard. For validity analysis in litigation, Plaintiff's claim charts are designed to help confirm the novelty of a claim relative to prior art. Plaintiff's claim construction and claim interpretation charts included in this Complaint, shows patent specifications and/or technical literature citations with proper interpretations of the language of a claim.

Plaintiff complaint also includes two (2) DVDs as evidence of Plaintiff's conception of his inventive ideas and five (5) response letters from members of the Executive and Legislative branches of government as evidence of utility "usefulness" of the inventions.

Magistrate Judge McDonald now recommends dismissal of Plaintiff's complaint because "[t]he voluminous complaint and exhibits submitted by the plaintiff, numbering more than 300 pages, do not comply with the[se] requirements of Rule 8 of the Federal Rules of Civil Procedure… requires only that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a).

> *Larry Golden v. Apple, Inc., et al*; Case No. 6:20-cv-04353-BHH-KFM; Filed 12/17/20; Entry Number 1; "ORDER"; Page 2 of 5 "Under General Order In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), the undersigned is giving the plaintiff twenty-one (21) days from the date this order is entered (plus three days for mail time) to: 1) Provide a complaint in compliance with this Order. Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The voluminous complaint and exhibits submitted by the plaintiff, numbering more than 300 pages, do not comply with these requirements. As such, the plaintiff's complaint and exhibits are being returned so that the plaintiff can provide a complaint in compliance with this order… In light of the foregoing, the plaintiff is informed that the complaint submitted shall have a page limit of thirty-five (35) pages (including the court's standard complaint form). If the plaintiff submits a complaint that does not comply with the requirements set forth in this order, the Clerk of Court will return it unfiled to the plaintiff by United States Mail. If the plaintiff does not provide a complaint that complies with this order, this case may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure."

Pursuant to the order of Magistrate Judge Kevin McDonald in United States District Court for the District of South Carolina; filed 12/17/2020 as a new complaint; Case No. 6:20-cv-04353-BHH-KFM, Plaintiff is ordered to file "a short and plain statement of the claim showing that the pleader [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).

Plaintiff filed on 01/05/2021 "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a), and attached a copy of the asserted patents as Exhibits A, B, C, D, E, & F. The attached patents satisfy the requirement of "enough factual allegations". For example, in *Incom Corp. v. Walt Disney Co.*, No. 2:15-cv-03011-PSG-MRW, Dkt. 39, at *4 (C.D. Cal. Feb. 4, 2016) the Central District of California declined to dismiss a complaint that attached the asserted patent, identified the accused products by name, and generally compared the technology disclosed in the patents to the accused products. The complaint did not identify any specific asserted claim, but the court found that: "Plaintiff has stated a plausible claim for direct infringement by specifically identifying Defendants' products and alleging that they perform the same unique function as Plaintiff's patented system.".

Plaintiff's charts in this current have satisfied the two basic requirements in patent infringement pleading: 1- the charts are illustrative of an element-by-element comparison of the alleged infringing devices and the Patent Owner's patent claims; 2- the charts have provided notice to the Defendant of the alleged infringing products and the alleged infringed patent claims; and, 3- the charts are illustrative of "enough factual allegations" plead by the Plaintiff. Plaintiff have attached a copy of an ORDER as (*Exhibit A*), filed on 02/26/2021 in a related case, *Larry Golden v. The United States*; COFC Case No. 13-307C; Dkt. No. 215:

> "In short, we cannot conclude on the face of these documents without more detailed briefing and examination that no valid patent claim has been presented… In light of his pro se status, we cannot say that he has failed to allege a patent infringement claim as a matter of law on the face of the complaint nor for any reason presented by defendant's motion. See *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-58 (Fed. Cir. 2007)."

Attached as (*Exhibit B*) are copies of the Notices sent to Apple, Samsung, and LG in the related case COFC Case No. 13-307C because of the alleged infringement of Plaintiff's new and improved cell phone capable of CBRN&E detection. In this current case, Plaintiff is alleging Google is infringing Plaintiff's communicating, monitoring, detecting, and controlling (CMDC) device.

8

## CONCLUSION

Plaintiff has complied with Rule 11. Therefore, when the Plaintiff exercises his Constitutional right to file a complaint with this Court for alleged patent infringement, Plaintiff should not be sanctioned for doing so.

**Complying with Rule 11**

"All pleadings, motions, papers, and representations to the court must meet the requirements of Rule 11 or risk triggering sanctions against the offending parties and their attorneys. A patentee planning to take action against a suspected infringer should be especially attentive to Rule 11 (b), which states that a person, by presenting to the court "a pleading, written motion, or other paper is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," (1) the purpose of the paper or pleading is not improper; (2) the legal assertions are not frivolous; and (3) the factual contentions have or are likely to have evidentiary support."

Respectfully submitted,

S/ *Larry Golden*     Date: 04/22/2021

Larry Golden, Plaintiff, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
(H) 864-288-5605 / (M) 864-992-7104
atpg-tech@charter.net