# Exhibit A

Copy of Order filed in the Related Case No. 13-307C in the Court of Federal Claims; *Larry Golden v. The United States*

# In the United States Court of Federal Claims

No. 13-307C
(Filed: February 26, 2021)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LARRY GOLDEN,

          *Plaintiff*,

v.

THE UNITED STATES,

          *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Pending is defendant's motion to dismiss plaintiff's sixth amended complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims. The motion is fully briefed. Oral argument is deemed unnecessary. We deny in part and grant in part the motion. We dismiss infringement allegations related to plaintiff's unissued pending patent applications, 16/350,683 and 16/350,847. We deny the motion in all other respects for the reasons set out below.

I. Plaintiff's Pleadings

On May 1, 2013, Mr. Golden ("plaintiff") filed a complaint under 28 U.S.C. § 1498(a) (2012), alleging that the government was infringing a single patent, U.S. Reissue Patent No. RE43,990, ("990"). Plaintiff asserted that the government infringed based on three solicitations published by the U.S. Department of Homeland Security ("DHS") which sought to create technology for sensing biological and chemical substances. *Id*. at 1-2.

A. Plaintiff's First and Second Amended Complaint

On August 15, 2013, plaintiff filed a "Notice of Supplement" in support of the initial complaint, which the court treated as an amended complaint. The amended complaint alleged that three solicitations, "Sol. 4;

IRSS; IPRL; HPRDS; - Passport Systems, Inc," "Sol. 5; ICBRNE; - Safe Environment Engineering, Inc," and "Sol. 6; MATTS; TRUST; - iControl, Inc. - L-3 Services, Inc" all infringed on the 990 patent.

On October 21, 2013, the court granted defendant's motion for a more definite statement and directed plaintiff to file such, which he did a month later. Plaintiff's more definite statement became his operative, second amended complaint. It continued to assert infringement of the 990 patent by DHS and NASA and a host of third party electronics manufacturers, such as LG, Apple, and Qualcomm, whom he alleged had "cooperative agreements" with DHS. Second Am. Compl. ¶ 30. Mr. Golden also added an allegation of uncompensated taking under the Fifth Amendment of several patents by the federal government.

### B. Plaintiff's Third Amended Complaint

On February 7, 2014, the court granted plaintiff's December 30, 2013 motion to amend and supplement pleadings and ordered the parties to treat that motion as a third amended complaint superseding all prior complaints. In his third amended complaint, Golden alleged infringement of the same '990 patent and elaborated his allegation that DHS indirectly infringed "the claims of Golden's [US RE43,990] patent" under 35 U.S.C. § 271(b) (2000), through solicitation number "BAA07-10," entitled "CELL-ALL Ubiquitous Biological and Chemical Sensing," which was released on October 2007. Third Am. Compl. ¶¶ 28 (ECF No. 29). Plaintiff claimed infringement by third parties: "Seacoast Science Inc., Center for Nanotechnology at NASA's Ames Research Center, and Rhevision Technology Inc., Samsung Electronics Co. Ltd, LG Electronics Inc., Apple Computer Inc., and Qualcomm Inc.," but asserted that all the third parties had entered into cooperative agreements from the Department Of Homeland Security for providing hardware, providing software, and providing wireless service. *Id.* ¶ 30. The third amended complaint continued to allege an uncompensated taking.

On March 31, 2014, the court issued an order staying plaintiff's Fifth Amendment takings clause claims and directing the parties to "proceed with plaintiff's claims only as they relate to the alleged patent infringement by the United States." (ECF No. 38).

### C. Plaintiff's Fourth Amended Complaint

On December 23, 2015, the court issued an order granting plaintiff leave to file a fourth amended complaint, which plaintiff did on February 12,

2016. In his fourth amended complaint, plaintiff inserted new allegations relating to patents other than '990. He alleged that the government infringed his patent no's '033, '280, '189, '497, '752, '761, and '891, two of which ('891 and '990) are apparently reissue patents. In addition, he alleged that the government violated the Fifth Amendment by taking for public use these same patents, as well as Published Patent Application No. 2016-0027273 A1 under 28 U.S.C. § 1491. On April 8, 2016, the government answered the fourth amended complaint, admitting Larry Golden is listed as the sole inventor on the patents but otherwise denying liability.

### D. Plaintiff's Fifth Amended Complaint

On May 24, 2017, the court convened a telephone status conference, during which plaintiff was directed "to file a [Fifth A]mended [C]omplaint that include[d] all of [Plaintiffs] concerns, all of [Plaintiffs] charges against the Government in one document. . . . No more supplements, no more anything else. Whatever is in that document will be what we're going to continue the case on." Status Conf. Tr. at 14 (ECF No. 118). The resulting May 25, 2017 order stated that "Plaintiff may amend his complaint and claim chart one final time, prior to the court's ruling on jurisdiction. Plaintiff is ordered not to file any other motions or papers without leave of the court." (ECF No. 116 at 2).

On August 10, 2017, plaintiff filed a fifth amended complaint and a claim chart. Fifth Am. Compl. (ECF No. 120). In it, plaintiff alleged seventy-two patent infringement counts involving ten patents, along with takings claims paralleling each patent infringement claim.

Defendant moved to partially dismiss that complaint because many of the allegations of infringement concerned cooperative agreements and grant activities for which plaintiff could not establish government control or benefit. The court granted the motion in part. Judge Braden dismissed for lack of jurisdiction allegations concerning National Science Foundation Grants, Cooperative Agreements, and National Institutes of Health grants because no use by the government of plaintiff's inventions was alleged. *Golden v. United States*, 137 Fed. Cl. 155 (2018). Next the court dismissed plaintiff's allegations concerning the government's alleged use of "Smartphones and Other Consumer Devices" made by LG, Apple, and Samsung under RCFC 12(b)(1) and 12(b)(6). Judge Braden held that plaintiff had failed to allege the government's intent to allow or approve use of plaintiff's inventions through these products and otherwise failed to provide sufficient detail to infer that authorization or intent. *Id.* at 183. The court found dismissal appropriate for both lack of jurisdiction and failure to

state a claim. The court also dismissed under Rule 12(b)(6) allegations about Broad Agency Announcements as too bare to have pled actual infringement under the statute. *Id.* at 184-85. Patent claims for infringement of the '033 patent were dismissed by Judge Braden for lack of jurisdiction because that patent had been surrendered and reissued as the '990 patent. *Id.* at 185. In addition, the court dismissed under Rule 12(b)(1) infringement allegations concerning the '839 patent application and any activity prior to the issuance of the '439 patent. Lastly, the court dismissed plaintiff's infringement allegations concerning patents '761, '280, and '189 pursuant to RCFC 12(b)(6) because plaintiff failed to allege any specific instance of infringement or how that infringement happened.

Mr. Golden appealed the dismissal to the Federal Circuit. His appeal was denied as premature because final judgment had not been issued. *Golden v. United States*, No. 2018-1942 (Fed. Cir. Aug. 1, 2018). Mr. Golden petitioned the Federal Circuit for a writ of mandamus, which was denied.

E. Takings Claims Dismissed; Remaining Infringement Allegations

In September 2018, this case was transferred to the undersigned. On October 15, 2018, the court ordered the parties to attempt to reach agreement on which patent infringement allegations remain. They were unable to do so. Defendant thereafter moved to dismiss infringement allegations of only dependent claims. In an order on November 9, 2018, we instructed plaintiff to show cause why those infringement allegations concerning 18 dependent claims should not be dismissed. We also lifted the stay previously imposed on consideration of plaintiff's takings claims. On November 28, 2018, after plaintiff responded to the order to show cause, we granted defendant's motion for summary judgment and dismissed the patent claims that alleged infringement of only dependent claims.

The government filed a motion to dismiss plaintiff's takings claims under Rules 12(b)(1) and 12(b)(6). We granted that motion on May 8, 2019, dismissing all of the plaintiff's takings claims. (ECF No. 171 at 1). The only claims remaining at that point were claims of patent infringement relating to four patents: '497, '752, RE43,891, and RE43,990.

On May 30, 2019, the government filed a status report, proposing a claim construction schedule. We found the government's proposal reasonable and adopted its proposed schedule. On July 2, 2019, plaintiff filed an unopposed motion to stay, which was granted on July 18, 2019 in order for plaintiff to file a petition at the USPTO to withdraw the cancellation of plaintiff's independent claims 11, 74, and 81 of U.S. Pat. RE43,990. On June

25, 2020, the Patent Trial and Appeal Board ("PTAB") issued a final decision denying plaintiff's petition.

### F. Plaintiff's Sixth Amended Complaint

On October 26, 2020, we granted plaintiff's motion for leave to file a sixth amended complaint, and it was docketed on November 3, 2020. On that basis we recited that the only remaining claims at that point related to the '497 patent. This was in error. In fact, the amended complaint, attached to the motion to amend, included claims with respect to plaintiff's patents '752, '189, '439, and '287, as well as pending patent applications 16/350,683 and 16/350,847.

Plaintiff also alleges his "communicating, monitoring, detecting, and controlling ("CMDC") device is commercialized in the form of an improved cell phone, smartphone, smartwatch, laptop, or tablet. The specifications and capabilities of the CMDC devices that were developed for, manufactured and commercialized by third-party government contractors, Apple, Samsung, and LG, are significantly the same as the Plaintiff's CMDC devices." Sixth Am. Compl. ¶¶ 6, 12. Attached to the sixth amended complaint is a claim chart that purports to identify features of devices alleged to be part of the DHS Cell-All initiative that infringe claims of the patents asserted in the current complaint. *Id.* Ex. 7.

## II. Government's Motion to Dismiss

The government responded by filing the pending motion to dismiss, seeking dismissal of the entirety of the sixth amended complaint. First, defendant argues that plaintiff's new infringement allegations concerning the government's alleged use of "smartphones" and other consumer devices were previously dismissed in Judge Braden's March 29, 2018 opinion.

Second, defendant argues plaintiff's infringement allegations against the Cell-All Project Prototypes should be dismissed because plaintiff has not described any activity in the Cell-All Project after the September 28, 2011 demonstration of the two Cell-All Project Prototypes, meaning that plaintiff has not alleged that any other devices were ever developed as part of the Cell-All Project. Further, defendant argues that neither the complaint nor the attachments plausibly plead infringement of any claim of the '497 patent by those prototypes. Lastly, defendant asks that allegations concerning new patents not previously asserted should be dismissed for violating the court's prior orders and lack of jurisdiction because none of the newly asserted

patents or pending patent applications had issued by the time of the allegedly infringing activity in September 2011. *Id.* at 14.

III. Resolution

We begin with the latter. Though the history of this case is tortured, and Mr. Golden has repeatedly muddied the waters by amending his pleadings, we allowed the filing of the Sixth Amended Complaint without limitation. Thus, the filing of that complaint did not violate our prior rulings. Further, we read the complaint as asserting infringement from the 2011 demonstration forward. It appears that Mr. Golden asserts that the Cell-All initiative resulted in the manufacture of a variety of devices that infringe his patents. We can reasonably infer that he is pointing the finger at the federal government for the inclusion of his technology in these third-party devices. Thus, whether ultimately true or not, the complaint has put at issue events that may have happened after the patent priority dates. We therefore find no basis to dismiss on either of those grounds. We note that any activity that took place prior to a patent's priority date cannot have been infringing because no right to exclusive use existed prior to the priority date.

We also find that plaintiff's sixth amended complaint asserts different claims than those previously dismissed by the court. Although it does appear that Judge Braden dealt with similar allegations regarding third parties, we are not prepared to hold in summary fashion that the claims are identical. For aught that appears, plaintiff has added detail regarding devices he believes were manufactured for or because of the government by these parties. The motion does not parse the prior opinion to match dismissals of particular patent claims with those alleged now, and we are not prepared to do it *sua sponte*. Thus, the '497 patent remains at issue along with the newly added patents. We are thus unable to dismiss on the basis that the claims of the sixth amended complaint have been previously adjudicated.

As to defendant's argument that plaintiff's current infringement allegations are too "vague as to the nature of the Cell-All project and exactly how plaintiff alleges the Cell-All Project infringed the '497 Patent," we disagree. Def. Mot. to Dismiss at 12. In alleging infringement of his patented CMDC technology, plaintiff attached a lengthy series of "claim charts" illustrating allegations of how the government, and third parties at the government's behest, are infringing certain of his patents' claims. Sixth Am. Compl. Ex. 7 at 100-108. Defendant's motion has not attempted to wrestle with that chart or otherwise explain with any detail why those claims fail as a matter of law.

In exhibit 7 to his present complaint, plaintiff's claim chart illustrates instances of alleged infringement of the '189 patent, '287 patent, '439 patent, '497 patent, and the '752 patent. *E.g., id.* at 100-108. He includes separate charts for a device manufactured by LG, one by Apple, and Samsung. The next chart in exhibit 7 explains why he believes that the Cell-All initiative resulted in the manufacture of these devices for DHS. More detail is appended regarding each of the accused devices in charts and diagrams that follow. In short, we cannot conclude on the face of these documents without more detailed briefing and examination that no valid patent claim has been presented. Read together with the sixth amended complaint, it is clear that Mr. Golden is alleging that the government caused the manufacture of all of these devices or caused these devices to use his technology. In light of his *pro se* status, we cannot say that he has failed to allege a patent infringement claim as a matter of law on the face of the complaint nor for any reason presented by defendant's motion. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-58 (Fed. Cir. 2007).

The one exception is plaintiff's allegations regarding unissued pending patent applications 16/350,683 and 16/350,847. We agree with defendant that the court's jurisdiction under 28 U.S.C. § 1498(a) to adjudicate patent infringement claims against the United States is limited to allegations "against the government arising out of post-issuance government use [or manufacture] of an invention." *Hornback v. United States*, 601 F.3d 1382, 1386 (Fed. Cir. 2010). Pending applications have do not grant any right of exclusivity to the applicant. We thus dismiss those claims as beyond our jurisdiction.

For the reasons discussed herein, defendant's motion to dismiss is granted as to the pending patent applications listed above. It is denied in all other respects. Claims relating to five patents that survived the government's motion to dismiss are poised for claim construction. The parties are directed to file a status report, joint if possible, proposing a schedule for next steps in this matter on or before March 29, 2021. Plaintiff may file no further amended complaints.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge
