IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Larry Golden, | ) | Case No.: 6:21-cv-00544-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Google, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Larry Golden ("Golden" or "Plaintiff"), proceeding *pro se*, filed this Complaint alleging patent infringement claims against Google, LLC ("Google" or "Defendant"). (DE 1.)

Specifically, Golden asserts that Google has infringed on the following patents: 10,163,287 ('287 patent); 9,589,439 ('439 patent); 9,096,189 ('189 patent). (DE 1; 1-1; 1-2, 1-3.) These patents are entitled "multi sensor detection, stall to stop and lock disabling system" (DE 1; 1-1; 1-2; 1-3.) The patents appear to involve technology that can be used to detect explosives/radiation and then disable vehicles or other equipment wherein the explosives/radiation are detected. The Plaintiff's complaint alleges infringement of each patent by Google in formulaic recitations of the elements of patent infringement. (DE 1.) For relief, Golden seeks a declaratory judgment that

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Google has infringed on his patents, a permanent injunction enjoining the infringing activity, as well as money damages. (DE 1, p. 29.)

This Court possesses the inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915. See Mallard v. U.S. Dist. Ct., 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)).

Accordingly, on April 9, 2021, the Magistrate Judge issued the Report given his initial review of the pleadings. The Report recommended summary dismissal of the complaint with prejudice and without issuance of service of process or leave to amend his complaint. The Report further recommended that this Court consider the entry of sanctions in the amount of $400.00 against Golden because he has continued to file frivolous litigation in this Court.[2] (DE 14.) In support of the Magistrate's recommendation, the Report took judicial notice that the instant matter represents Golden's sixth unsuccessful action regarding his patents (and infringing actions). See Golden v. Apple, Inc., et al., C/A No. 6:20-cv-04353-JD (D.S.C.) ("Case Number 5"); Golden v. Apple, Inc., et al., C/A No. 6:20-cv-02270-JD (D.S.C.) ("Case Number 4"); Golden v. Apple Inc.,

---

[2]    Although this action represents Golden's fourth frivolous action based upon alleged patent infringement (and sixth case overall) and the Report recommends that this Court sanction Golden $400.00, this Court declines to order sanctions at this time. However, in the event Golden attempts to file another frivolous action in this Court, the Court will consider the imposition of sanctions as warranted.

2

et al., C/A No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020), aff'd C/A No. 20-1508, --- F. App'x ---, 2020 WL 5240656 (Fed. Cir. Sept. 3, 2020) ("Case Number 3"); Golden v. United States, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), dismissal aff'd 955 F.3d 981 (Fed. Cir. 2020) ("Case Number 2"); Golden v. United States, C/A No 1:13-cv-00307- SGB, stayed pending patent review, at doc. 186 (Fed. Cl.) ("Case Number 1"); and In re Patent Number RE 43,990, https://portal.uspto.gov/pair/PublicPair# (choose patent number, enter RE43990, and then click Image File Wrapper) (last visited September 26, 2021), petition denied June 25, 2020. The instant complaint seeks damages against Google for the same allegations that were dismissed as frivolous in Case Number 3, Case Number 4, and Case Number 5; however, it appears that this action represents Golden's attempt to re-litigate claims against Apple and/or Qualcomm and now asserts the same claims against Google.

Accordingly, the Report recommend dismissal of Plaintiff's complaint because *inter alia* the Plaintiff's complaint contains a lengthy history of his prior actions in this Court, various cell phone statistics, a description of the development of the android operating system, and specifications for various Google phones, but contains few factual allegations relating to the alleged infringement. (See DE 14, p. 8.) Golden filed an objection to the Report on April 22, 2021 (DE 18); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute.*'" Diamond v. Colonial Life & Accident Ins. Co.,

416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff makes the following "objections"[3] to the Report, which the Court will discuss seriatim. First, Golden objects to the Report's recommendation of dismissal of the action in light of the claim charts he has provided in the Complaint. Upon review, however, the Report thoroughly addressed Golden's claim chart. The chart contains the exact same language as the claim charts previously rejected by the Federal circuit, although Google Pixel 5 Smartphone appears in the far left column instead of Apple. (DE 14, p. 8.) For example, the chart copies previously submitted charts alleging patent infringement (albeit by Google in lieu of other defendants) of independent claim 5 of the '287 patent; independent claim 23 of the '439 patent; and independent claim 1 of the '189 patent. (DE 1, pp. 23-29.) These charts and allegations of infringement were specifically rejected by the Federal Circuit Court of Appeals because they contained "a dizzying array of disorganized assertions" "disingenuously using the words of the claims to generally describe cryptically identified structures." Golden, 819 F. App'x at 931 (citing Golden, C/A No. 6:19-cv-02557, at DE 16-14). In light of the foregoing, this Court overrules this objection.

Next, Golden objects to the Report's finding that the Complaint does not include a short and plain statement of his claims in light of InCom Corp. v. Walt Disney Co., No. CV15-3011 PSG (MRWx), 2016 U.S. Dist. LEXIS 71319, at *8 (C.D. Cal. Feb. 4, 2016), because Golden

---

[3] Golden purportedly objects to the Court's lack of consideration of two (2) DVD's included with his Complaint and five (5) response letters from members of the Executive and Legislative branches of government. (DE 18, p. 7.) However, there do not appear to be any such attachments to the Complaint; and therefore, the Court overrules this "objection."

included claim charts that illustrate the infringing devices, provide notice to the Defendant, and provide enough factual allegations. (DE 18, p. 8.) However, Golden offers no additional facts regarding the same. Simply naming a product and providing a conclusory statement that it infringes a patent is insufficient to meet the "plausibility" standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although Golden cites a district court opinion in the Central District of California (albeit not binding precedence) to support his claim that his pleadings are sufficient because he attached his patents just as the plaintiff in that case, his reliance and application of this authority misses the mark. See InCom Corp. v. Walt Disney Co., No. CV15-3011 PSG (MRWx), 2016 U.S. Dist. LEXIS 71319, at *8 (C.D. Cal. Feb. 4, 2016) (where the district court found that plaintiff's amended complaint did more than name a product and baldly conclude that it infringes plaintiff's patent, but that plaintiff attached the patents and described *inter alia* how "its Attendance Tracking System uses RFID technology and ID badges to track human presence in large volumes."). Even applying InCom as purported by Golden, Golden's amended complaint does not (among other things) describe specific systems developed and manufactured by Google that are like the subject patents and how the systems perform the same unique function as Golden's system or assert facts regarding the availability of his technology prior to his invention. In light of the vague conclusory allegations in the complaint in this action and Golden's attempt to circumvent the prior dismissals of his patent infringement claims, the instant matter is subject to summary dismissal as frivolous.

Although this Court agrees with the Report that Plaintiff's amended complaint should be dismissed with prejudice because it is frivolous, the Court declines to impose sanctions at this time. Furthermore, the Court finds Golden's remaining objections to be non-specific and/or moot and, therefore, overrules them.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified and incorporates it herein.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is dismissed with prejudice and without the issuance of service of process.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
November 2, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.