IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Larry Golden, | ) | C/A No. 6:21-cv-00244-JD-KFM |
| | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Google, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, proceeding *pro se*, brings this action asserting patent infringement by the defendant. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

## PROCEDURAL HISTORY

The plaintiff's complaint was entered on the docket on January 26, 2021 (doc. 1). On April 9, 2021, the undersigned issued a report and recommendation recommending that the matter be dismissed (doc. 14). On November 2, 2021, the Honorable Joseph Dawson, III, United States District Judge, issued an order adopting the report and recommendation and dismissing the case (doc. 21). The plaintiff appealed, and the Court of Appeals for the Federal Circuit reversed, finding that the plaintiff's allegations were not facially frivolous and remanding the case to this court for further proceedings (doc. 33). On November 9, 2022, Judge Dawson recommitted the matter to the undersigned for pretrial handling (doc. 36).

## FACTS PRESENTED

In the instant action, the plaintiff has sued Google, LLC ("Google") which he asserts has infringed on the following patents: 10,163,287 ('287 patent); 9,589,439 ('439

patent); 9,096,189 ('189 patent) (docs. 1; 1-1; 1-2; 1-3). These patents are entitled "multi sensor detection, stall to stop and lock disabling system" (docs. 1; 1-1; 1-2; 1-3). The plaintiff contends that the defendant has infringed on his patents based upon "product grouping" strategy (doc. 1 at 9). He further contends that the defendant is infringing on his patents in concert with Apple and Qualcomm, both of which he has sued in separate actions (*id*. at 13–18). The plaintiff's complaint alleges infringement of each patent by the defendant in vague formulaic terms and includes various excerpts from a claim chart (doc. 1 at 19–29). For relief, the plaintiff seeks a declaratory judgment that the defendant has infringed on his patents, a permanent injunction enjoining the infringing activity by the defendant, and money damages (doc. 1 at 29–30).

## **STANDARD OF REVIEW**

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its

jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## DISCUSSION

**Litigation History**

As an initial matter, this case represents one of many filed by the plaintiff seeking damages for infringements of patents that he holds. *See Golden v. Google, LLC*, C/A No. 4:22-cv-05246-HSG (N.D. Cal.) (motion to dismiss pending) ("Case Number 9"); *Golden v. Qualcomm, Inc.*, C/A No. 4:22-cv-03283-HSG (N.D. Cal.) (motion to dismiss pending) ("Case Number 8"); *Golden v. Intel Corp.*, C/A No. 5:22-cv-03828-NC (N.D. Cal.) (motion to dismiss pending) ("Case Number 7"); *Golden v. Apple, Inc.*, C/A No. 3:22-cv-04152-VC, at doc. 29 (N.D. Cal. Oct. 20, 2022) (dismissed as frivolous), *appeal pending* ("Case Number 6"); *Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-04353-JD, 2021 WL 5890508 (D.S.C. Feb. 5, 2021), *Report and Recommendation adopted as modified by* 2021 WL 5074739 (D.S.C. Nov. 2, 2021), *aff'd* 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) ("Case Number 5"); *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-02270-JD, 2020 WL 11624670 (D.S.C. Sept. 11, 2020), *Report and Recommendation adopted as modified by* 2021 WL 4260782 (D.S.C. Sept. 20, 2021), *aff'd* 2022 WL 986984 (4th Cir. Mar. 31, 2022) ("Case Number 4"); *Golden v. Apple Inc., et al.*, C/A No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020), *aff'd* 819 F. App'x 930 (Fed. Cir. 2020), *petition for cert. denied*, 141 S.Ct. 1067 (2021) ("Case Number 3"); *Golden v. United States*, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), *dismissal aff'd* 955 F.3d 981 (Fed. Cir. 2020) ("Case Number 2"); *Golden v. United States*, C/A No 1:13-cv-00307-EGB, 156 Fed. Cl. 623 (Fed. Cl. Nov. 10, 2021), *aff'd* 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022) ("Case Number 1").

Two of the plaintiff's actions, Case Number 1 and Case Number 2, were brought in the Court of Federal Claims. *See Golden*, C/A No. 1:19-cv-00104-EGB; *Golden*, C/A No 1:13-cv-00307-EGB. The plaintiff filed Case Number 1 on May 1, 2013, alleging patent infringement and takings clause violations by the United States Government pursuant to 28 U.S.C. § 1498(a). *See Golden*, C/A No. 1:13-cv-00307-EBG. After being provided several opportunities to file amended pleadings, Case Number 1 was dismissed on November 10, 2021, and the dismissal was affirmed by the Court of Appeals for the Federal Circuit. *Golden*, 156 Fed. Cl. 623 (Fed. Cl. Nov. 10, 2021), *aff'd* 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022).

The plaintiff filed Case Number 2 in the United States Court of Federal Claims on January 17, 2019, during the pendency of Case Number 1. *Golden*, C/A No. 1:19-cv-00104-EGB. Case Number 2 asserted Fifth Amendment takings clause claims against the government for the same patents and infringing actions as in Case Number 1. *Id*. On May 14, 2019, Case Number 2 dismissed. *Id*. at doc. 12. The dismissal was affirmed by the United States Court of Appeals for the Federal Circuit. *Golden*, 955 F.3d 981 (Fed. Cir. 2020).

On July 2, 2019, through counsel, the plaintiff filed a petition with the United States Patent and Trademark Office ("USPTO") seeking to "Strike *Ultra Vires* Inter Partes Review Certificate from the Prosecution File of RE43,990 Based on *Return Mail v. U.S. Postal Service*." *In re Patent Number* RE 43,990, https://patentcenter.uspto.gov/ (choose patent number, enter RE43990, and then click Documents and Transaction History) (last visited November 9, 2022). On June 25, 2020, the USPTO issued a decision denying the plaintiff's petition. *Id*.

During this same time, on September 11, 2019, the plaintiff filed Case Number 3 in this court, seeking damages from various third-party companies for patent infringement. *See Golden*, C/A No. 6:19-cv-02557-DCC (D.S.C.). In that action, the plaintiff sought

4

damages based upon the same patents and infringing actions as in Case Number 1 and Case Number 2, but sought the damages against the third-party companies instead of the government. *Id*. at doc. 1. Case Number 3 was dismissed as being duplicative of Case Number 1. *Id*. at doc. 32. The dismissal was affirmed as modified by the United States Court of Appeals for the Federal Circuit as frivolous. *Golden*, 819 F. App'x 930 (Fed. Cir. 2020), *petition for cert. denied*, 141 S.Ct. 1067 (2021).

The plaintiff then filed Case Number 4 in this court, seeking damages against many of the same defendants as named in Case Number 3. *See Golden*, C/A No. 6:20-cv-02270-JD (D.S.C.). Having unsuccessfully sought patent infringement damages against these defendants in Case Number 3, the plaintiff's Case Number 4 sought relief for patent infringement and failure to pay royalties, and the plaintiff attempted to circumvent the court's prior ruling by asserting that the defendants' actions violated the Sherman Act, the Clayton Act, and various South Carolina Laws. *Id*. at doc. 1. Case Number 4 was dismissed as frivolous on September 20, 2021. *Golden*, 2021 WL 4260782 (D.S.C. Sept. 20, 2021). The dismissal was affirmed by the United States Court of Appeals for the Fourth Circuit. *Golden*, C/A No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022).

The plaintiff then filed Case Number 5 in this court, again seeking damages against many of the same defendants as in Case Number 3 and Case Number 4. See *Golden*, C/A No. 6:20-cv-04353-JD (D.S.C.). Case Number 5 was dismissed as frivolous on November 2, 2021. *Golden*, 2021 WL 5074739 (D.S.C. Nov. 2, 2021). The dismissal was affirmed by the United States Court of Appeals for the Federal Circuit. *Golden*, C/A No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022).

On July 15, 2022, the plaintiff filed Case Number 6 in the United States District Court for the Northern District of California, again seeking damages from Apple for patent infringement. *Golden*, C/A No. 3:22-cv-04152-VC (N.D. Cal.). On October 20, 2022, the Honorable Vince Chhabria, United States District Judge, entered an order dismissing

Case Number 6 as frivolous. *Id*. at doc. 29 (N.D. Cal. Oct. 20, 2022). The plaintiff has appealed the dismissal of Case Number 6, and the appeal remains pending at this time.

During this same time, the plaintiff filed Case Number 7 in the United States District Court for the Northern District of California, seeking damages from Intel Corp. for patent infringement. *Golden*, C/A No. 3:22-cv-04152-VC (N.D. Cal.). Intel filed a motion to dismiss on August 2, 2022, and the motion remains pending at this time. *Id*. at doc. 7. The plaintiff also filed Case Number 8 in the United States District Court for the Northern District of California, during this time, seeking damages from Qualcomm, Inc., for patent infringement. *Golden*, C/A No. 4:22-cv-03283-HSG (N.D. Cal.). Qualcomm, Inc. filed a motion to dismiss on July 22, 2022, and the motion remains pending at this time. *Id*. at doc. 6. The plaintiff also filed Case Number 9 in the United States District Court for the Northern District of California, during this same time, seeking damages from Google, LLC, for patent infringement. *Golden*, C/A No. 4:22-cv-05246-HSG (N.D. Cal.). Google, LLC, filed a motion to dismiss on October 26, 2022, and the motion remains pending at this time. *Id*. at doc. 11.

**The Instant Action**

As noted above, the plaintiff filed the instant action seeking damages from Google, LLC, for patent infringement (doc. 1). However, as set forth below, the instant action should be dismissed as it is duplicative of proceedings pending in Case Number 9 in the United States District Court for the Northern District of California.

Efficient judicial administration generally requires the federal courts to avoid duplicative federal litigation. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Generally, a case pending in federal court "may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Nexsen Pruet, LLC v. Westport Ins. Corp.*, C/A No. 3:10-cv-00895-JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (internal quotation

6

marks omitted) (quoting *Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F. Supp. 2d 688, 697 (D.S.C. 2007)).  Suits are considered parallel if "substantially the same parties litigate substantially the same issues in different forums."  *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991) (*citing LaDuke v. Burlington N. R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989)).  Here, the complaint in this action and the complaint filed by the plaintiff in Case Number 9 both seek damages from Google, LLC, for patent infringement.  *Compare* doc. 1 *with Golden*, C/A No. 4:22-cv-05246-HSG, at doc. 1.  Filings in Case Number 9, by both the plaintiff and the defendant, appear to concede that Case Number 9 is duplicative of the instant matter.  *See Golden*, C/A No. 4:22-cv-05246-HSG, at doc. 11 pp. 11–12 (notation in the defendant's motion to dismiss that the plaintiff's "infringement claims echo his South Carolina complaint"); *Golden*, C/A No. 4:22-cv-05246-HSG, at doc. 18 pp. 1–2 (notation in the plaintiff's response to the defendant's motion to dismiss in Case Number 9 that "the factual allegations submitted by [the plaintiff in this action] have been fully litigated and decided" by the Federal Circuit Court of Appeals in the South Carolina case).  As such, the instant matter and Case Number 9 are parallel suits.

Typically, the instant matter, which is the older of the pending matters, would continue instead of the more recently filed case.  However, Case Number 9 is procedurally farther along than the instant matter because a summons has already been issued, the defendant has been served, and there is a pending dispositive motion.  *Golden*, C/A No. 4:22-cv-05246-HSG.  Indeed, as recognized by Google, LLC, in Case Number 9, the plaintiff "has not effected service in the South Carolina action, evidently electing instead to proceed in" Case Number 9 against Google, LLC).  In light of the foregoing, the interests of justice weigh heavily in favor of dismissing this action in light of Case Number 9, which remains pending in the United States District Court for the Northen District of California.  *See Van Dusen v. Barrack*, 376 U.S. 612, 615 (1964) (internal quotation marks and citation

7

omitted) (dismissal of duplicative action necessary to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.").

## RECOMMENDATION

Because this matter is duplicative of pending litigation in the United States District Court for the Northen District of California, the undersigned recommends that the district court dismiss this action without prejudice and without issuance and service of process. *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (published). **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

November 14, 2022  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).